James C. Shah (SBN 260435)
Chiharu G. Sekino (SBN 306589)
**SHEPHERD, FINKELMAN,**
**MILLER & SHAH, LLP**
1230 Columbia St., Suite 1140
San Diego, CA 92101
Telephone: (619) 235-2416
Email: jshah@sfmslaw.com
 csekino@sfmslaw.com

Alexander H. Burke (to be admitted *pro hac vice*)
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Telephone: (312) 729-5288
Email: aburke@burkelawllc.com

*Counsel for Plaintiff Kenneth Hoagland*
[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HOAGLAND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AXOS BANK,<br><br>Defendant. | Case No.: **'20CV0807 L    MSB**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1. Plaintiff Kenneth Hoagland brings this action against Axos Bank ("Defendant" or "Axos") ("Defendant") to secure redress for prerecorded

**CLASS ACTION COMPLAINT**
Case No.: _____
1

message telemarketing robocalls made in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Defendant called Mr. Hoagland's cellular telephone in November 2019, and played the following prerecorded message, advertising its Emerald Advance Line of Credit, a product it jointly markets with H&R Block:

> **Hello. This is H&R Block calling for [consumer name] to let you know that we're now taking appointments for the Emerald Advance Line of Credit that will be available in participating offices. Please call us back at 1-800-HRBLOCK to schedule an appointment. Our number again, is 1-800-HRBLOCK. Thanks, and have a great day.**

3. The TCPA prohibits telemarketing like the above unless the caller has first obtained the recipient's written consent. 47 C.F.R. § 64.1200(f)(8).

4. Axos did not have written consent to make this call.

5. Plaintiff seeks an injunction against future calling, plus damages for himself and a class of others who received similar robocalls from Defendant without proper consent.

## INTRODUCTION

6. Advancements in telephone dialing technology by the 1980s and 90s made reaching a large number of consumers by telephone easier and more cost-effective. However, this technology has also brought with it an onslaught of unsolicited robocalls, spam text messages, and junk faxes that intrude on individual privacy and waste consumer time and money. As a result, the federal government and numerous states have enacted legislation to combat these widespread telecommunications abuses. As Congress recognized:

> Many customers are outraged over the proliferation of intrusive, nuisance calls to their homes . . . . Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Pub. L. No. 102-243, 105 Stat. 2394 § 2(6, 12) (1991).

7. As is relevant here, federal law under the TCPA prohibits "mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service[.]" 47 U.S.C. § 227(b)(1)(A)(iii). For telemarketing calls to cell phone numbers, prior express *written* consent is required. 47 C.F.R. § 64.1200(a)(2); *see also* 47 C.F.R. § 64.1200(f)(8).

## PARTIES

8. Plaintiff Kenneth Hoagland is a natural person and a citizen of the State of Kentucky. At all relevant times, Plaintiff was the subscriber for the cellular telephone at issue.

9. Defendant Axos Bank is a technology-driven financial services company providing a diverse range of innovative banking products and services for personal, business, and institutional clients nationwide. Axos Bank is the bank behind H&R Block's branded prepaid credit cards and consumer loan business, including the Emerald Line of Credit that was being marketed in the robocall Plaintiff received. Axos is headquartered in San Diego, California.

## JURISDICTION AND VENUE

10. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Servs., Inc.*, 132 S. Ct.

740 (2012). The Court also has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d)(2).

11. The Court has personal jurisdiction over Axos Bank because it is headquartered in San Diego, California.

12. Venue is appropriate in this District under 28 U.S.C. § 1391(a) because Defendant does business in this District, made, authorized or facilitated the call that is the subject of this lawsuit to Plaintiff and others from this District, and because a substantial portion of the events giving rise to this cause of action occurred in this District.

## FACTS

13. Plaintiff is a consumer who has no relationship with Defendant.

14. In November 2019, Plaintiff received a prerecorded "robocall" on his cellular telephone voice mail.

15. The message said:

> **Hello. This is H&R Block calling for Latasha Taylor to let you know that we're now taking appointments for the Emerald Advanced Line of Credit that will be available in participating offices. Please call us back at 1-800-HRBLOCK to schedule an appointment. Our number again, it's 1-800-HRBLOCK. Thanks, and have a great day.**

16. The prerecorded message above was played in an attempt to sell Emerald Advanced Line of Credit product and/or service.

17. Emerald loans are originated by Axos, and H&R Block purchases a 90% participation interest in every such transaction.

18. Axos issues, originates, administers, manages, controls, and gains financial benefit from Emerald-branded financial products, including for example the Emerald Advanced Line of Credit advertised in the message above.

19. Axos is "responsible for the primary oversight and control" of the Emerald programs, including marketing.

20. Axos oversaw, directed and controlled the marketing of Emerald products, including the making of the above prerecorded message call.

21. Axos publicly holds itself out as the originator of Emerald financial products, and has taken steps to publicly announce its involvement, in places such as on its website and in its annual reports.

22. Axos authorized H&R Block to use the tradename of its Emerald card in the prerecorded marketing message call to Plaintiff.

23. In addition to directing that this call be made to Plaintiff, Defendant knowingly accepted the marketing and sales benefits of the call to Plaintiff and others like it, even though it knew the calls to be illegal.

24. Defendant knew that it did not have Plaintiff's express consent to receive this call, but Defendant made the call anyway.

25. Defendant does not have a policy of obtaining proper written consent for telemarketing.

26. Plaintiff and the Classes defined below were damaged by these calls. Their privacy was improperly invaded, the calls temporarily seized and trespassed upon the use of their phones, and they were forced to divert attention away from other activities to address the calls. The calls were annoying and a nuisance and wasted Plaintiff's and the Class members' time. *See, e.g.*, *Mims v. Arrow Fin. Servs., Inc.*, 132 S. Ct. 740 (2012) (discussing congressional findings of consumer "outrage" as to autodialed and prerecorded calls).

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action under Federal Rules of Civil Procedure 23(b)(2) and (b)(3), on behalf of the following classes:

**Robocall Class:** All persons whose cell phones Axos or some third party on its behalf made, for the purpose of marketing Axos products and services, where a message that had been recorded ahead of time was played, where Axos did not have a signed writing authorizing use of prerecorded telemarketing from the call recipient at the time of such call.

**Subclass**: All members of the Robocall Class who had previously asked not to receive calls from Axos or its agents, for example, H&R Block.

28. On information and belief there are more than 1,000 persons in the Robocall Class and Subclass.

29. Common questions of law or fact exist as to all members of the Robocall Class and Subclass, which predominate over any questions solely affecting any individual member, including Plaintiff. Such common questions include but are not limited to:

   a. Whether the unattended messages used for calls to Plaintiff and the class used a "prerecorded voice" as that term is referenced in the TCPA;

   b. Whether there was "prior express written consent" from Plaintiff, Class and Subclass members under the TCPA to make the calls for marketing purposes;

   c. Whether Plaintiff, Class and Subclass members are entitled to damages, including whether any violations were performed willfully or knowingly, such that treble damages under 47 U.S.C. § 227(b)(3) would be appropriate; and

   d. Whether injunctive relief is appropriate, and if so, what the order should specifically enjoin to wrench prospective compliance.

30. Plaintiff's claims are typical of the claims of the other members of the Class and Subclass. The factual and legal bases of liability to Plaintiff and

the Class and Subclass members are the same: Defendants violated the TCPA by making nonconsensual robocall telephone solicitations to their cell phones.

31. Plaintiff will fairly and adequately protect the interests of the Class and Subclass. He is a member of both, has no interests that might conflict with the interests of the Class or Subclass, is interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation, including with regards to the claims alleged herein.

32. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are thousands of Class and Subclass members, such that joinder of all members is impracticable.

33. No difficulties are likely to be encountered in the management of this action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

34. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the Class and Subclass members, thereby making relief appropriate with respect to the Class and Subclass as a whole. Prosecution of separate actions by individual members of the Class and Subclass, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members that would establish incompatible standards of conduct.

35. The identities of the Class and Subclass members are readily identifiable from Defendant's and/or its vendors' records.

# COUNT I
## Robocall Violations of the TCPA, 47 U.S.C. § 227

36. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

37. It is a violation of the TCPA to make any telemarketing call to a cellular telephone number using an automatic telephone dialing system or an artificial or prerecorded voice, without prior express written consent. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(3).

38. Defendants violated the TCPA by making prerecorded telemarketing calls to the cellular telephone number of Plaintiff using an automatic telephone dialing system, without prior express written consent.

39. These calls and violations were willful or knowing.

40. To the extent that some of the calls to Plaintiff were made by an agent, vendor or third party, Defendant is liable for those calls, too.

41. As a result of Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff was harmed and is entitled to a minimum of $500 in damages for each violation. Plaintiff is also entitled to an injunction against future calls. 47 U.S.C. § 227(b)(3).

42. The Court should treble the amount of damages pursuant to 47 U.S.C. § 227(b)(3) of the TCPA, because Defendant knew that neither Plaintiff nor the Class or Subclass had given prior express written consent to receive the automated and prerecorded voice calls.

WHEREFORE, Plaintiff, individually and on behalf of the Robocall Class and Subclass, respectfully requests that the Court enter judgment against Defendant for:

A. Certification of the Robocall Class and the Subclass as alleged herein;

B.    Appointment of Plaintiff's counsel as Class Counsel pursuant to Fed. R. Civ. Pro. 23(g);

C.    Damages, pursuant to 47 U.S.C. § 227(b)(3);

D.    Injunctive relief, pursuant to 47 U.S.C. § 227(b)(3), aimed at ensuring the prevention of TCPA violations in the future;

E.    Attorneys' fees and costs, as permitted by law; and

F.    Such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

KENNETH HOAGLAND, individually and on behalf of others similarly situated

Dated: April 29, 2020    By:   */s/ Chiharu G. Sekino*
James C. Shah (SBN 260435)
Chiharu G. Sekino (SBN 306589)
**SHEPHERD, FINKELMAN, MILLER & SHAH, LLP**
1230 Columbia St., Suite 1140
San Diego, CA 92101
Telephone: (619) 235-2416
Email: jshah@sfmslaw.com
       csekino@sfmslaw.com

Alexander H. Burke (to be admitted *pro hac vice*)
Daniel J. Marovitch (to be admitted *pro hac vice*)
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Telephone: (312) 729-5288
Email: aburke@burkelawllc.com

dmarovitch@burkelawllc.com

Jeffrey S. Goldenberg (to be admitted *pro hac vice*)
**GOLDENBERG SCHNEIDER, L.P.A.**
4445 Lake Forest Drive, Suite 490
Cincinnati, OH 45242
Telephone: (513) 345-8297
Email: jgoldenberg@gs-legal.com

Joseph M. Lyon (to be admitted *pro hac vice*)
**THE LYON FIRM**
2021 Auburn Ave.
Cincinnati, OH 45219
Telephone: (513) 381-2333
Email: jlyon@thelyonfirm.com

*Counsel for Plaintiff*

**Document Preservation Demand**

Plaintiff hereby demands that Defendant take affirmative steps to preserve all recordings, data, databases, call records, consent to receive autodialed or artificial or prerecorded voice calls, e-mails, recordings, documents, and all other tangible things that relate to the allegations herein, Plaintiff, or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale, or file associated with Plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of Defendant.

                                                        */s/ Alexander H. Burke*