# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HOAGLAND, *individually and on behalf of all others similarly situated*,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>AXOS BANK,<br><br>　　　　　　　　　　　Defendant. | Case No. 20-cv-00807-BAS-DEB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT (ECF No. 42)** |

　　　Plaintiff filed this action on April 29, 2020. (Compl., ECF No. 1.) Defendant Axos Bank filed an answer on July 2, 2020. (ECF No. 14.) The parties began discovery with a Joint Discovery Plan on December 8, 2020. (ECF No. 30.) Plaintiff filed a Motion for Leave to Amend Complaint (ECF No. 42) on May 7, 2021, which is outside the time frame within which Plaintiff may amend as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). Plaintiff delineates his proposed amendments in Exhibit B of his Motion (Ex. B, ECF No. 42-2). Defendant filed an Opposition to the Motion on May 28, 2021 (ECF No. 44), and Plaintiff filed a Reply on June 7, 2021 (ECF No. 45).

The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the following reasons, the Court **GRANTS** Plaintiff's Motion for Leave to Amend Complaint.

## I.  BACKGROUND

Plaintiff's original Complaint alleges that Defendant Axos Bank called Plaintiff in violation of the Telephone Consumer Protection Act ("TCPA"). (Compl. ¶ 2.) The Complaint alleges that Axos called Plaintiff in November 2019 to advertise its "Emerald Advance Line of Credit, a product it jointly markets with H&R Block." (*Id.*) Plaintiff's original complaint further alleges that Axos Bank authorized H&R Block to market the Emerald product. (*Id.* ¶ 22.) Plaintiff includes the transcript of the call, which contains the caller identifying itself as H&R Block "taking appointments for" the Emerald Advance Line of Credit. (*Id.* ¶ 2.) The Complaint claims that Emerald loans are originated by Axos and that H&R Block purchases a participation interest in each loan transaction. (*Id.* ¶ 17.)

Plaintiff's proposed amendment adds Emerald Financial Services, LLC and HRB Tax Group, Inc. as additional defendants. (Ex. B ¶ 1.) Plaintiff alleges that "Defendants" (Axos Bank, Emerald Financial Services, and HRB Tax Group) jointly market the Emerald Line of Credit and that Defendants called Plaintiff in violation of the TCPA. (*Id.* ¶ 2.) Plaintiff also alleges that "HRB or its affiliate placed [the] call." (*Id.* ¶ 3.) Plaintiff does not amend the transcript of the call. (*See id.* ¶ 2.) He characterizes HRB Tax Group as the parent company of H&R Block, and Emerald Financial Services as an affiliate of HRB Tax Group. (*Id.* ¶¶ 11–12.) Despite Plaintiff's unclear claims about which Defendant made the call, he alleges that "[a]ll three Defendants approved and participated in the telemarketing efforts that are the subject of this lawsuit . . . as well as orchestrat[ed] the telemarketing at issue through Axos Bank's headquarters in this District." (*Id.* ¶ 13.) Plaintiff claims that proposed Defendants HRB Tax Group and Emerald Financial Services "participated in developing, approving, and facilitating the telemarketing at issue with and through Axos." (*Id.* ¶ 17.)

## II. LEGAL STANDARD

"[C]ourt[s] should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be granted unless there is evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Courts should grant leave to amend "with extremely liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

## III. ANALYSIS

### A. Undue Delay

The first factor in considering a motion for leave to amend is undue delay. *See Foman*, 371 U.S. at 182. "Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990). However, "delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

Here, Axos Bank's Opposition argues that Plaintiff was aware of the two proposed additional Defendants at the time of the original complaint. (Opp'n 1:11–13.) Indeed, Plaintiff's original complaint alleges that the caller identified itself as "H&R Block" and was selling an "Emerald line of credit." (*See* Compl. ¶ 2.) Given this transcript of the call, along with Plaintiff's allegations of the intertwined business relationships among Defendants (*see id.* ¶¶ 2, 17, 22), the Court agrees with Axos that Plaintiff's amendment to include the two new Defendants amounts to undue delay given Plaintiff's awareness of Defendants' alleged roles in the TCPA violation. However, because delay, by itself, does not justify denial of leave to amend, the Court finds Plaintiff's undue delay insufficient to deny leave to amend. *See DCD Programs*, 833 F.3d at 186.

### B. Futility

Leave to amend is properly denied if amendment would be futile. *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). An amendment is "futile" if the amended complaint would not survive a motion to dismiss. *See Sonoma Cty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1118 (9th Cir. 2013).

A complaint may be dismissed for lack of a cognizable legal theory or insufficient facts under a cognizable legal claim. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). A claim must have "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To survive dismissal, a claim must provide "grounds of [a plaintiff's] entitlement to relief," which requires "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (internal quotation marks omitted). "[Courts] accept as true all factual allegations in the operative complaint, and . . . construe them in the light most favorable to Plaintiff as the non-moving party." *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 981 (9th Cir. 2017).

Axos argues that Plaintiff's proposed amendments are futile because they would be subject to dismissal for failure to state a claim. (*See* Opp'n 8:11–13.) Axos claims that Plaintiff insufficiently alleges facts to support either a direct liability theory or a vicarious liability theory under the TCPA against any of the three Defendants. (*Id.* at 8:14–20.)

Under the TCPA, it is unlawful "to make any call (other than a call made for emergency purposes or made with the express prior consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). "The three elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system or an articular or prerecorded voice; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) (citing 47 U.S.C. § 227(b)(1)). A party may be liable if it "personally 'makes' a call in the method proscribed by the statute," or "vicariously,

such as, if it was in an agency relationship with the party that made the offending call." *Winters v. Grand Caribbean Cruises Inc.*, No. CV-20-00168-PHX-DWL, 2021 WL 511217, at *4 (D. Ariz. Feb. 11, 2021) (quoting, in part, *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012), *aff'd*, 582 F. App'x 678 (9th Cir. 2014)).

### 1. Direct Liability

Plaintiff's proposed amended complaint describes Axos Bank, Emerald Financial Services, and HRB Tax Group as three separate entities, yet it begins by alleging that "[a]s part of a collective marketing effort, Defendants called Mr. Hoagland's cellular telephone number. (*See* Ex. B ¶¶ 2, 10–12.) Alleging that "Defendants" directly called Plaintiff does not amount to alleging sufficient facts for a cognizable legal theory. *See Ewing v. GoNow Travel Club, LLC*, No. 19-cv-297-BAS-AGS, 2019 WL 3253058, at *3 (S.D. Cal. July 19, 2019) ("When suing multiple defendants, a plaintiff must differentiate which allegations are against which defendant and not lump defendants together without distinguishing the alleged wrongs amongst defendants." (citing Fed. R. Civ. P. 8)). Seemingly pleading in the alternative, Plaintiff also alleges that HRB Tax Group or its affiliate placed the call in violation of the TCPA. (*See id.* ¶3.) This allegation sufficiently states a claim of a direct TCPA violation by HRB Tax Group.

### 2. Vicarious Liability

"[A] defendant may be held vicariously liable for TCPA violations where the plaintiff establishes an agency relationship, as defined by federal common law, between the defendant and a third-party caller." *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 879 (9th Cir. 2014), *aff'd*, 577 U.S. 153 (2016). "In determining . . . the general common law of agency, [courts] have traditionally looked for guidance to the Restatement of Agency." *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 752 n.31 (1989). "Agency can be established expressly, via a showing of actual authority, or it can be inferred, by finding apparent authority or ratification." *Naiman v. TranzVia LLC*, No. 17-cv-4813-PJH, 2017 WL 5992123, at *10 (N.D. Cal. Dec. 4, 2017) (citing Restatement (Third) of Agency §§ 2.01, 2.03, 4.01). Actual agency means a defendant "controlled or had the right to control

[the agents] and, more specifically, the manner and means of the [action]." *See Thomas*, 879 F. Supp. 2d at 1084. "Agency means more than mere passive permission; it involves request, instruction, or command." *Id.* (quoting *Klee v. United States*, 53 F.2d 58, 61 (9th Cir. 1931)).

Here, taking the proposed amended allegations as true, all three Defendants "approved," "participated," and "orchestrat[ed]" the phone call in violation of the TCPA. (Ex. B ¶ 13.) Additionally, proposed Defendants HRB Tax Group and Emerald Financial Services "facilitate[ed]" the call. (*Id.* ¶ 17.) The Court finds Defendants' alleged approval and participation are insufficient for establishing vicarious liability through an agency relationship. However, given that an agency relationship may exist where one controls the manner and means of an action, the Court finds that the allegations that Defendants orchestrated and facilitated the calls sufficiently amount to facts that, if true, would appropriately allege Defendants controlled the manner and means of the phone call made by the Defendant who called in violation of the TCPA. Hence, these allegations state a claim under the vicarious liability theory. And Plaintiff's proposed amendments are not futile.

### C. Remaining factors

Here, there is no evidence of the remaining factors of bad faith, repeated failure to cure deficiencies, or undue prejudice.[1] Courts have supported a finding of bad faith when a plaintiff attempted to add a defendant to destroy diversity jurisdiction, *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987), or when a plaintiff added causes of action when facing a summary judgment motion, *see Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). Axos Bank claims that Plaintiff's delay was

---

[1] In addition to Axos's arguments based on undue delay and futility, Axos notes that Plaintiff failed to comply with the Court's Standing Order's meet and confer requirement for this Motion. (Opp'n 1:16–18.) Plaintiff concedes failure to timely meet and confer. (Reply 9:8–9.) The Court declines to strike Plaintiff's Motion but cautions him that a repeated failure to comply with the Court's Standing Order will result in consequences under Civil Local Rule 83.1.

"for strategic reasons" (Opp'n 1:13–14), but without any facts to support Axos's view of Plaintiff's motive, this speculation does not amount to a finding of bad faith.

Plaintiff has not engaged in repeated failure to cure deficiencies given this is Plaintiff's first attempt at amendment.

"'Undue prejudice' means substantial prejudice or substantial negative effect; the Ninth Circuit has found such substantial prejudice where the claims sought to be added 'would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense.'" *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)). Here, Axos does not claim undue prejudice, and there is no evidence of undue prejudice given that a trial date is not imminent.

## IV. CONCLUSION

In light of the liberal standard for granting leave to amend and the balance of factors weighing in favor of amendment, the Court **GRANTS** Plaintiff's Motion for Leave to Amend Complaint. Plaintiff shall file his First Amended Complaint no later than **October 29, 2021**.

**IT IS SO ORDERED.**

DATED: October 21, 2021

Hon. Cynthia Bashant
United States District Judge