UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HOAGLAND, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>AXOS BANK,<br><br>　　　　　　　　　　　Defendant. | Case No.: 20-cv-807-BAS-DEB<br><br>**ORDER GRANTING UNOPPOSED MOTION FOR ENTRY OF AGREED AT&T PRODUCTION ORDER [DKT. NO. 57] AND ENTERING PRODUCTION ORDER** |

　　　　Before the Court is Plaintiff's Unopposed Motion for Entry of Agreed AT&T Production Order. Dkt. No. 57. Good cause appearing, the Court GRANTS the Motion and enters the Stipulated Order to Compel Document Production as follows:

　　　　Plaintiff Hoagland and non-party AT&T Inc. ("AT&T") stipulate as follows:

　　　　1.　　On July 26, 2021, Plaintiff served a subpoena on AT&T (the "Subpoena"). Ancillary to the Subpoena, Plaintiff also provided AT&T with a list of 6,830 calls ("Schedule A"), and asked AT&T to provide subscriber and user information for each phone number on the date identified.

　　　　2.　　AT&T objected to the Subpoena on grounds that, among other things, it could not produce information about subscribers located in California and Delaware without a

Court order, pursuant to state law, including Cal. Pub. 11 Util. Code § 2894 and 11 Del. C. § 2423.

3.      California law permits the production of subscriber information pursuant to a court order. Specifically, Cal. Pub. Util. Code § 2894 provides:

> Notwithstanding subdivision (e) of Section 2891, the disclosure of any information by an interexchange telephone corporation, a local exchange telephone corporation, or a provider of commercial mobile radio service, as defined in Section 2168, in good faith compliance with the terms of a state or federal court warrant or order or administrative subpoena issued at the request of a law enforcement official or other federal, state, or local governmental agency for law enforcement purposes, is a complete defense against any civil action brought under this chapter or any other law, including, but not limited to, Chapter 1.5 (commencing with Section 630) of Part 1 of Title 15 of the Penal Code, for the wrongful disclosure of that information.

Cal. Pub. Util. Code § 2894(a). Federal courts have held that these provisions expressly allow for production of subscriber information upon court order. *See Kaur v. City of Lodi*, 2016 WL 10679575, at *1 (E.D. Cal. Jan. 28, 2016) ("[I]t does not authorize [respondent] to withhold documents in the face of a federal court order compelling their production."); *McArdle v. AT&T Mobility LLC*, 2010 WL 1532334, at *6 (N.D. Cal. Apr. 16, 2010) ("[S]ection 2894 of the utilities code provides an exception to this rule for court orders.").

4.      Delaware law also expressly allows for disclosure of subscriber information pursuant to a court order. The Delaware Code provides:

> Except as provided in this subdivision, a provider of electronic communications service or remote computing service may not disclose a record or other information pertaining to a subscriber or customer of the service to any person other than investigative or law-enforcement officer.

11 Del. C. § 2423(c)(2). The same section of the Delaware law goes on to say:

> Nothing in this chapter may be construed as creating a cause of action against any provider of electronic communication service or remote computing

20-cv-807-BAS-DEB

service, such service's officers, employees, or agents or other specified persons for providing information, facilities or assistance in accordance with the terms of a court order, warrant, subpoena or certification under this chapter.

11 Del. C. § 2423(e). Thus, the Delaware law at issue does not preclude production upon entry of a Court order.

5. AT&T further objected that it could not produce information about subscribers in Pennsylvania without a Court order and notice to the subscribers under 18 Pa. C.S.A. § 5742. *See also Lee v. Glob. Tel\*Link Corp.*, 2017 WL 11272587, at \*5-7 (C.D. Cal. Dec. 6, 2017).

6. Through counsel, Plaintiff and AT&T reached the following agreement: (a) that Plaintiff will seek an order from the Court requiring AT&T to produce the information concerning subscribers located in California, Delaware, and all other states except Pennsylvania in the format agreed to by their respective counsel, and (b) that AT&T will not produce information regarding its Pennsylvania subscribers at this time.

7. AT&T will produce data responsive to the Subpoena within fourteen days after a Court order permitting such is entered.

8. As such, Plaintiff and AT&T respectfully ask that the Court order as follows:

**ORDER**

Upon review of the foregoing stipulation, the Court finds that the stipulated relief sought is due to be granted. Accordingly, it is ORDERED:

1. No later than fourteen calendar days after entry of this Order, AT&T shall produce to Plaintiff's counsel:

> A data compilation in \*.csv format agreed to by counsel for AT&T and Plaintiff, reflecting the first name, middle name, last name, email address, and billing address for subscribers and users of AT&T phone services whose phone number appears on Schedule A to the Subpoena (other than subscribers and users located in Pennsylvania), and the dates of service for the account.

2. The Subpoenaed Information shall be maintained as "confidential information" in accordance with the Protective Order entered in this action, Dkt. 36 (the "Protective Order"). The information may be used only for purposes of the above-captioned litigation and must be destroyed in accordance with the Protective Order. Upon written request from AT&T, Plaintiff shall confirm to AT&T and its counsel, in writing, when the destruction of all Subpoenaed Information is/was completed.

**IT IS SO ORDERED**.

Dated: November 16, 2021

_____
Honorable Daniel E. Butcher
United States Magistrate Judge

| | | |
|---|---|---|
| 1 | Dated: November 9, 2021 | Stipulated and respectfully submitted, |
| 2 | AT&T INC. | KENNETH HOAGLAND, |
| 3 | | Individually and on Behalf of All |
| 4 | By:  *s/ Emily Westridge Black* | Others Similarly Situated |
| | Emily Westridge Black | |
| 5 | HAYNES AND BOONE, LLP | By:   *s/ Alexander H. Burke* |
| | 600 Congress Ave., Suite 1300 | Alexander H. Burke (*pro hac vice*) |
| 6 | Austin, TX 78701 | BURKE LAW OFFICES, LLC |
| 7 | Telephone: (512) 867-8422 | 909 Davis St., Suite 500 |
| | emily.westridgeblack@haynesboone.com | Evanston, IL 60201 |
| 8 | | Telephone: (312) 729-5288 |
| 9 | *Counsel for AT&T* | aburke@burkelawllc.com |

Jeffrey S. Goldenberg (*pro hac vice*)
GOLDENBERG SCHNEIDER, L.P.A.
4445 Lake Forest Dr., Suite 490
Cincinnati, OH 45242
Telephone: (513) 345-8291
jgoldenberg@gs-legal.com

James C. Shah (SBN 260435)
Chiharu G. Sekino (SBN 306589)
MILLER SHAH LLP
1230 Columbia St., Suite 1140
San Diego, CA 92101
Telephone: (619) 235-2416
jcshah@millershah.com
cgsekino@millershah.com

Joseph M. Lyon (*pro hac vice*)
THE LYON FIRM
2754 Erie Ave.
Cincinnati, OH 45208
Telephone: (513) 381-2333
jlyon@thelyonfirm.com

*Counsel for Plaintiff*

5

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Emily Westridge Black, counsel for AT&T Inc., and that I have obtained Ms. Black's authorization to affix her electronic signature to this document.

*s/ Alexander H. Burke*