UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HOAGLAND, individually and on behalf of all others similarly situated, | Case No.:  20-cv-807-BAS-DEB |
| Plaintiff, | **ORDER GRANTING UNOPPOSED MOTION FOR ENTRY OF AGREED T-MOBILE PRODUCTION ORDER [DKT. NO. 58] AND ENTERING PRODUCTION ORDER** |
| v. | |
| AXOS BANK, | |
| Defendant. | |

Before the Court is Plaintiff's Unopposed Motion for Entry of Agreed T-Mobile Production Order. Dkt. No. 58. Good cause appearing, the Court GRANTS the Motion and enters the Stipulated Order to Compel Document Production as follows:

Plaintiff and third-party T-Mobile US, Inc. ("T-Mobile") stipulate as follows:

1.     On about July 26, 2021, Plaintiff issued a subpoena to T-Mobile (the "Subpoena"). Ancillary to the subpoena, Plaintiff also provided T-Mobile with a list of 6,830 unique calls relevant to the case ("Schedule A"), and asked T-Mobile to provide subscriber and user information for each phone number on the date identified.

2.     T-Mobile objected to the Subpoena on multiple grounds, including that it was barred from releasing information about subscribers located in California, Delaware and

Pennsylvania without a Court order, pursuant to state law, including Cal. Pub. Util. Code § 2894, 11 Del. C. § 2423 and 18 Pa. C.S.A. § 5742.

3.    California law permits the production of subscriber information pursuant to a court order. Specifically, Cal. Pub. Util. Code § 2894 provides:

> Notwithstanding subdivision (e) of Section 2891, the disclosure of any information by an interexchange telephone corporation, a local exchange telephone corporation, or a provider of commercial mobile radio service, as defined in Section 2168, in good faith compliance with the terms of a state or federal court warrant or order or administrative subpoena issued at the request of a law enforcement official or other federal, state, or local governmental agency for law enforcement purposes, is a complete defense against any civil action brought under this chapter or any other law, including, but not limited to, Chapter 1.5 (commencing with Section 630) of Part 1 of Title 15 of the Penal Code, for the wrongful disclosure of that information.

Cal. Pub. Util. Code § 2894(a). Federal courts have held that these provisions expressly allow for production of subscriber information upon court order. *See Kaur v. City of Lodi*, 2016 WL 10679575, at *1 (E.D. Cal. Jan. 28, 2016) ("[I]t does not authorize [respondent] to withhold documents in the face of a federal court order compelling their production."); *McArdle v. AT&T Mobility LLC*, 2010 WL 1532334, at *6 (N.D. Cal. Apr. 16, 2010) ("[S]ection 2894 of the utilities code provides an exception to this rule for court orders.").

4.    Delaware law also expressly allows for disclosure of subscriber information pursuant to a court order. The Delaware Code provides:

> Except as provided in this subdivision, a provider of electronic communications service or remote computing service may not disclose a record or other information pertaining to a subscriber or customer of the service to any person other than an investigative or law-enforcement officer.

11 Del. C. § 2423 (c)(2). The same section of the Delaware law goes on to say:

> Nothing in this chapter may be construed as creating a cause of action against any provider of electronic communication service or remote computing service, such service's officers, employees, or agents or other specified

20-cv-807-BAS-DEB

> persons for providing information, facilities or assistance in accordance with the terms of a court order, warrant, subpoena or certification under this chapter.

11 Del. C. § 2423(e). Thus, the Delaware law at issue does not preclude production upon entry of a Court order.

5.     The Pennsylvania Wiretapping and Electronic Surveillance Control Act provides in relevant part:

> A person or entity may divulge a record or other information pertaining to a subscriber to, or customer of, the service if any of the following paragraphs apply: . . .
>
> (2) A record or other information may be divulged to any of the following:
>
> > (i)     An investigative or law enforcement official as authorized in section 5743.
> >
> > (ii)    The subscriber or customer upon request.
> >
> > (iii)   A third party, upon receipt from the requester of adequate proof of lawful consent from the subscriber to, or customer of, the service to release the information to the third party.
> >
> > (iv)    A party to a legal proceeding, upon receipt from the party of a court order entered under subsection (c.1). This subparagraph does not apply to an investigative or law enforcement official authorized under section 5743. . . .
>
> (4) Subject to paragraph (2), a record or other information may be divulged as authorized by Federal law or as authorized by a Federal regulatory agency having oversight over the person or entity.

18 Pa. C.S.A. § 5742(c). Paragraph (4) thus expressly permits disclosure in federal court "as authorized by federal law."

6.     Based on the foregoing authorities, T-Mobile contends that it is unable to comply with the Subpoena with respect to California, Delaware or Pennsylvania subscribers unless ordered by a court to do so.

7.     Through counsel, Plaintiff and T-Mobile reached the following agreement with regard to T-Mobile's additional objections to the Subpoena: (a) T-Mobile will produce the subscriber name and billing address within its possession for any postpaid account holder associated with the target telephone numbers on the specific unique dates provided in Schedule A; (b) T-Mobile will not produce user information; (d) T-Mobile will not produce email addresses; (c) T-Mobile will only search its post-paid customer data, and will not search pre-paid customer data, for its response to the Subpoena; and (d) Plaintiff will reimburse T-Mobile for the reasonable costs incurred in the production and delivery of the responsive records.

8.     T-Mobile will comply with the Subpoena, subject to the provisions of Paragraph 7, only after the entry of an order requiring such compliance.

9.     T-Mobile estimates that it can produce the requested data within two weeks of the entry of this order.  However, the parties further agree that T-Mobile reserves its right to seek additional time if issues arise during the production process.  The parties may agree to additional time without seeking further Court intervention.

10.     As such, Plaintiff and T-Mobile respectfully ask that the Court order as follows:

## **ORDER**

Upon review of the foregoing stipulation, the Court finds that the stipulated relief sought is due to be granted. Accordingly, it is ORDERED:

1. T-Mobile is ordered to comply with the Subpoena with respect to California, Delaware and Pennsylvania subscribers.

2. T-Mobile shall produce the following information (the "Subpoenaed Information") to Plaintiff's counsel:

> A data compilation in a *.csv or Excel format spreadsheet format reflecting the name and billing address for each postpaid account holder associated with each target telephone number on the unique date indicated on Schedule A.

3. The Subpoenaed Information shall be maintained as "CONFIDENTIAL – FOR COUNSEL ONLY" in accordance with the Protective Order entered in this action, Dkt. 36.

4. Plaintiffs will reimburse T-Mobile for the reasonable costs of production and delivery of the Subpoenaed Information.

**IT IS SO ORDERED.**

Dated:  November 16, 2021

Honorable Daniel E. Butcher
United States Magistrate Judge

20-cv-807-BAS-DEB

Dated: November 9, 2021

Stipulated and respectfully submitted,

T-MOBILE US, INC.

KENNETH HOAGLAND, on behalf of himself and all others similarly situated

By: *s/ Katie Gamsey*
 Katie Gamsey
 ALSTON & BIRD LLP
 1201 W. Peachtree St.
 Atlanta, GA 30309
 Telephone: (404) 881-7462
 katie.gamsey@alston.com

 *Counsel for T-Mobile*

By: *s/ Alexander H. Burke*
Alexander H. Burke (*pro hac vice*)
BURKE LAW OFFICES, LLC
909 Davis St., Suite 500
Evanston, IL 60201
Telephone: (312) 729-5288
aburke@burkelawllc.com

Jeffrey S. Goldenberg (*pro hac vice*)
GOLDENBERG SCHNEIDER, L.P.A.
4445 Lake Forest Dr., Suite 490
Cincinnati, OH 45242
Telephone: (513) 345-8291
jgoldenberg@gs-legal.com

James C. Shah (SBN 260435)
Chiharu G. Sekino (SBN 306589)
MILLER SHAH LLP
1230 Columbia St., Suite 1140
San Diego, CA 92101
Telephone: (619) 235-2416
jcshah@millershah.com
cgsekino@millershah.com

Joseph M. Lyon (*pro hac vice*)
THE LYON FIRM
2754 Erie Ave.
Cincinnati, OH 45208
Telephone: (513) 381-2333
jlyon@thelyonfirm.com

*Counsel for Plaintiff*

20-cv-807-BAS-DEB

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Katie Gamsey, counsel for T-Mobile US, Inc., and that I have obtained Ms. Gamsey's authorization to affix her electronic signature to this document.

*s/ Alexander H. Burke*