UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HOAGLAND, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>AXOS BANK,<br><br>　　　　　　　　　　　　Defendant. | Case No.:  20-cv-807-BAS-DEB<br><br>**ORDER GRANTING UNOPPOSED MOTION FOR ENTRY OF AGREED VERIZON PRODUCTION ORDER [DKT. NO. 67] AND ENTERING PRODUCTION ORDER** |

Before the Court is Plaintiff's Unopposed Motion for Entry of Agreed Verizon Production Order. Dkt. No. 67. Good cause appearing, the Court GRANTS the Motion and enters the Stipulated Order to Compel Document Production as follows:

Plaintiff and third-party Verizon Communications Inc. ("Verizon") stipulate as follows:

1.　On July 26, 2021, Plaintiff issued a subpoena to Verizon (the "Subpoena"). Ancillary to the subpoena, Plaintiff also provided Verizon with a list of 6,830 phone calls that are relevant to the case ("Schedule A"), and asked Verizon to provide subscriber and user information for each phone number on the date identified.

2.　Verizon objected to the Subpoena on grounds that, among other things, it could not produce information about subscribers located in California, Delaware and

Pennsylvania without a Court order, pursuant to state law, including Cal. Pub. Util. Code § 2894, 11 Del. C. § 2423 and 18 Pa. C.S.A. § 5742.

3. California law permits the production of subscriber information pursuant to a court order. Specifically, Cal. Pub. Util. Code § 2894 provides:

> Notwithstanding subdivision (e) of Section 2891, the disclosure of any information by an interexchange telephone corporation, a local exchange telephone corporation, or a provider of commercial mobile radio service, as defined in Section 2168, in good faith compliance with the terms of a state or federal court warrant or order or administrative subpoena issued at the request of a law enforcement official or other federal, state, or local governmental agency for law enforcement purposes, is a complete defense against any civil action brought under this chapter or any other law, including, but not limited to, Chapter 1.5 (commencing with Section 630) of Part 1 of Title 15 of the Penal Code, for the wrongful disclosure of that information.

Cal. Pub. Util. Code § 2894(a). Federal courts have held that these provisions expressly allow for production of subscriber information upon court order. *See Kaur v. City of Lodi*, 2016 WL 10679575, at *1 (E.D. Cal. Jan. 28, 2016) ("[I]t does not authorize [respondent] to withhold documents in the face of a federal court order compelling their production."); *McArdle v. AT&T Mobility LLC*, 2010 WL 1532334, at *6 (N.D. Cal. Apr. 16, 2010) ("[S]ection 2894 of the utilities code provides an exception to this rule for court orders.").

4. Delaware law also expressly allows for disclosure of subscriber information pursuant to a court order. The Delaware Code provides:

> Except as provided in this subdivision, a provider of electronic communications service or remote computing service may not disclose a record or other information pertaining to a subscriber or customer of the service to any person other than an investigative or law-enforcement officer.

11 Del. C. § 2423(c)(2). The same section of the Delaware law goes on to say:

> Nothing in this chapter may be construed as creating a cause of action against any provider of electronic communication service

>   or remote computing service, such service's officers, employees, or agents or other specified persons for providing information, facilities or assistance in accordance with the terms of a court order, warrant, subpoena or certification under this chapter.

11 Del. C. § 2423(e). Thus, the Delaware law at issue does not preclude production upon entry of a Court order.

     5.    The Pennsylvania Wiretapping and Electronic Surveillance Control Act provides in relevant part:

>   A person or entity may divulge a record or other information pertaining to a subscriber to, or customer of, the service if any of the following paragraphs apply: …
>
>   (2) A record or other information may be divulged to any of the following:
>     (i) An investigative or law enforcement official as authorized in section 5743.
>     (ii) The subscriber or customer upon request.
>     (iii) A third party, upon receipt from the requester of adequate proof of lawful consent from the subscriber to, or customer of, the service to release the information to the third party.
>     (iv) A party to a legal proceeding, upon receipt from the party of a court order entered under subsection (c.1). This subparagraph does not apply to an investigative or law enforcement official authorized under section 5743. …
>
>   (4) Subject to paragraph (2), a record or other information may be divulged as authorized by Federal law or as authorized by a Federal regulatory agency having oversight over the person or entity.

18 Pa. C.S.A. § 5742(c). Paragraph (4) thus expressly permits disclosure in federal court "as authorized by federal law."

     6.    Through counsel, Plaintiff and Verizon agreed that Plaintiff will seek an order from the Court requiring Verizon to produce the information concerning subscribers located in California, Delaware, and Pennsylvania.

7.      Verizon has collected the subscriber data responsive to the Subpoena, and remains ready to produce it once a Court order permitting such is entered.

8.      As such, Plaintiff and Verizon respectfully ask that the Court order as follows:

## **ORDER**

Upon review of the foregoing stipulation, the Court finds the stipulated relief sought is due to be granted. Accordingly, it is ORDERED:

1. No later than fourteen calendar days of this Order, Verizon must produce the following information (the "Subpoenaed Information") to Plaintiff's counsel:

    A data compilation in *.csv format reflecting the account, first name, middle name, last name, email address, and billing address for each subscriber and user of Verizon phone services whose phone number appears on Schedule A, the dates of service for the phone number as to such person(s), and the type of service (i.e., mobile, landline, family plan or not, etc.).

2. The Subpoenaed Information shall be maintained as "CONFIDENTIAL" in accordance with the Protective Order entered in this action, Dkt. 36.

**IT IS SO ORDERED.**

Dated:  December 6, 2021

_____
Honorable Daniel E. Butcher
United States Magistrate Judge